**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUDY STURTEVANT** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:04CV896** |
| | § | |
| **PASCAGOULA MUNICIPAL** | § | |
| **SCHOOL DISTRICT** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [32] filed by Defendant Pascagoula Municipal School District on May 12, 2006. There has been a response, a rebuttal and a surrebuttal filed. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted. Defendant is entitled to judgment as a matter of law as to Plaintiff's claims against it and as to its counterclaim against Plaintiff.

DISCUSSION

Plaintiff, a 59 year-old female, worked for the Pascagoula School District as a teacher from 1986 until she suffered a stroke and was unable to work in 2003. Her complaint revolves around the Defendant's decision to select a younger male to teach a career discovery class for the Fall semester of the 2002-2003 school year. She also complains that the younger male was reimbursed for attending the training course for the class while she was not. Plaintiff was assigned to the class for the Spring 2003 semester, (Exh. "E" to Defendant's Motion, pg. 29 of Doc. #32), but suffered a stroke and was no longer able to work. On her own initiative, Plaintiff attended career discovery training during the summer of 2002. (Exh. "D" to Defendant's Motion, pg. 27 of Doc. #32). She requested reimbursement sometime later, after she had been

assigned to teach the class for the Spring 2003 semester, but this request was denied by memo dated December 3, 2002. *Id.* Plaintiff filed a charge of discrimination with the EEOC, which she executed on February 24, 2004. (Exh. "A" to Defendant's rebuttal, pg. 13 of Doc. #38).[1] The EEOC's Right to Sue letter is undated, but Plaintiff alleges it was received on September 20, 2004.

AGE AND SEX DISCRIMINATION:

The Defendant contends that it is entitled to dismissal of Plaintiff's claims because they were filed with the EEOC beyond the statutory 180 day period. *See* 42 U.S.C. § 2000e-5(e)(1). Although the filing of a timely charge with EEOC is not a jurisdictional prerequisite to a suit in federal court, it is a requirement like a statute of limitations, subject to waiver, estoppel, and equitable tolling. *See Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). Thus, a plaintiff cannot sustain a claim under Title VII for events that occurred more than 180 days before the filing of the charge of discrimination. *See Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998).

Plaintiff filed her initial charge of discrimination on or after February 24, 2004. (Plaintiff's Exh. "A," pg. 13 of Doc. #38). Therefore, she may only recover for conduct that occurred on or after August 29, 2003, 180 days before filing her charge. *See Cardiothoracic Surgery Assoc.,* 139 F.3d at 537. Plaintiff alleges discrimination during the 2002-2003 school year, which ended well before August 29, 2003. The Defendant assigned the younger male to Plaintiff's desired teaching position in the fall semester of 2002, and Plaintiff was then assigned

---

[1] There has been no evidence submitted which shows the date the charge was actually filed with the EEOC.

to the position in January 2003. All of these events took place before August 29, 2003. It is apparent that Plaintiff's charge was not timely filed with the EEOC, and Defendant is entitled to dismissal of Plaintiff's claims of discrimination as a matter of law. *See Crawford v. Western Electric,* 614 F.2d 1300, 1306, *reh'g denied,* 620 F.2d 300 (5th Cir.1980) (Dismissal of Title VII claims is proper where the plaintiff fails to meet his burden of proving that an administrative charge was timely filed with the EEOC).

The Plaintiff objects to Defendant's delay in bringing its limitations defense before the Court because Defendant did not include it as a basis for summary judgment in the original motion. Instead, Defendant addressed all of Plaintiff's claims of discrimination on the merits; age and sex discrimination, retaliation, and ADA and Fourteenth Amendment violations. In her response to the summary judgment motion, Plaintiff confessed judgment on the retaliation, ADA and Fourteenth Amendment due process claims, but argued that Defendant had not met its summary judgment burden on the sex and age claims. In its rebuttal memorandum, Defendant argued, among other things, that the remaining age and sex discrimination claims had not been filed with the EEOC within 180 days of the alleged discriminatory actions or events. Plaintiff filed a surrebuttal, contending that the Defendant had waived its limitations defense by failing to include it in its original motion for summary judgment, and that the defense should be barred on the basis of both equitable estoppel and judicial estoppel.

The Court finds this argument unpersuasive. "The obvious function of summary judgment is to avoid a useless trial." *Broadway v. City of Montogmery*, 530 F.2d 657, 661 (5th Cir. 1976). Here, in its answer, the Defendant included among its defenses the affirmative defense of statute of limitations. Defendant would have been unquestionably entitled to provide

evidence relating to that defense at trial, and the Court is unaware of a limit imposed on the Defendant's ability to raise the defense at any stage of the proceedings. As discussed above, the evidence establishes that Plaintiff filed a charge with the EEOC more than 180 days from the alleged discriminatory events. A trial on Plaintiff's age and sex discrimination claims would therefore be "useless." *Id.*

DEFENDANT'S COUNTERCLAIM:

The Defendant requests summary judgment on its counterclaim against Plaintiff for any overpayment of compensation, which it alleges totals $3,794.51. The parties agree that Plaintiff owes this amount and that Plaintiff has been making payments toward the total. (Exh. "A" to Defendant's Motion, pg. 17 of Doc. #32). While Defendant alleges in its Motion that the amount remaining due is $3,454.51, Plaintiff asserts in a supplemental pleading that the correct amount is $3,094.51. Defendant does not take issue with the assertion Plaintiff's calculation in this supplemental pleading, and requests entry of an order awarding the Defendant any sums due and payable. Thus, it appears to the Court that there is no question of material fact for the jury as to Defendant's counterclaim for any sums remaining due on the overpayment of compensation to Plaintiff.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, as to Plaintiff's claims against the Defendant, the Motion for Summary Judgment [32] filed by Defendant Pascagoula Municipal School District is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as to Defendant's Counterclaim against the Plaintiff, the Motion for Summary Judgment [32] filed by Defendant Pascagoula

Municipal School District is **GRANTED**. The Defendant shall recover of Plaintiff the sum of $3,094.51, with interest thereon at the rate provided by law.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2006.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE